UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON J. FORRISTER, ) | 1:10-cv-01529-JLT HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS |
| ) | |
| ) | ORDER DIRECTING CLERK OF COURT |
| FIFTH DISTRICT COURT OF APPEALS, ) | TO ASSIGN CASE TO DISTRICT JUDGE |
| ) | |
| Respondent. ) | ORDER DIRECTING OBJECTIONS TO BE |
| ) | FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of mandamus pursuant to 28 U.S.C. § 1361.[1]

On August 18, 2010, Petitioner filed the instant petition for writ of mandamus in this Court. (Doc. 1). Petitioner complains that the California Court of Appeal, Fifth Appellate District ("5th DCA"), and California Superior Court Judge Lynn C. Atkinson, have "failed and/or refused to exercise sound discretion" by denying Petitioner's requests for discovery of DNA evidence that Petitioner contends was not provided to him at his trial. (Doc. 1, pp. 1-2).

The federal mandamus statute provides as follows:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

---

[1] Petitioner indicates that he is basing his writ of "mandate/prohibition" on "Code of Civil Procedure 1085, 1086, 1102, 1258, et. seq." (Doc. 1, p. 1). The reference is undoubtedly to the California Code of Civil Procedure. California procedural law does not provide a basis for federal court jurisdiction. Accordingly, construing Petitioner's pleading liberally, the Court construes Petitioner's filing as a federal petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

U.S. District Court
E. D. California                                    1

28 U.S.C. § 1361.  Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (*quoting* Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available.  Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

Mandamus relief is not available in this case because Respondents are not officers, employees, or agencies of the United States.  Under the federal mandamus statute, this Court has no authority to require officers, employees, or agencies of the State of California to do, or to refrain from doing, anything.  Accordingly, the Court lacks jurisdiction over this matter.

**ORDER**

Therefore, the Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of mandamus be  DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 27, 2010**                                                **/s/ Jennifer L. Thurston**
                                                                                         UNITED STATES MAGISTRATE JUDGE